Madam Clerk, is this the video participant? Yeah, this is the argument. Okay, so then I need to do a bit of a sound test. There you are. Council, can you hear us okay? Now you're unmuted. I'll just unmute myself so I can hear you. Can you hear me? Yes, we can. And you can see us okay and we're all good? Yeah, thank you so much. Council, you're able to see and hear opposing council? Okay, in that case, we're all set. You may begin. All right, thank you. May it please the court, my name is Catherine Rentra and I represent Mr. Duenas Barraza, the petitioner in this matter. And I would like to reserve four minutes for rebuttal, please. This case turns on whether the department met its burden to prove removability of a lawful permanent resident of nearly 40 years. It does not. It did not, excuse me. The agency made three fundamental legal errors that require a vacature of the underlying removal order or at least a remand. First, the agency failed to apply the categorical approach when analyzing Mr. Duenas Barraza's case. And this court has required that method for other similar conduct-based removal grounds in both Alanis Alvarado v. Holder and Salih v. Holder. California Penal Code Section 236.1c is broader than the federal trafficking definition and the agency improperly relied on police reports instead of engaging in any kind of statutory analysis or relying on otherwise Shepard-approved conviction documents. Accordingly, the agency erred in finding that the department met its burden to prove by clear and convincing evidence that Mr. Duenas Barraza is removable. Let's assume that we don't think the categorical approach applies, that the agency was entitled to look at your client's statement before the IJ. Why doesn't, if that's the case, why doesn't your statement, your client's statement before the IJ establish that he committed a human trafficking offense? Your Honor, our position is that that is a legal question, a question that our client wasn't fit to define whether or not. Well, they said to him, you know, Mr. Petitioner, you're here. We're here to determine whether you've committed a human trafficking offense. And he said, yep, I did. Why isn't that enough to provide clear and convincing evidence that he committed a human trafficking offense? My reading of the record is that what the Petitioner was agreeing to is that he had been convicted of a human trafficking offense in California. That's right. Right. But our position is that agreeing to that conviction or that offense, rather, in California is not the same thing as agreeing that he is removable from the U.S. There has to be some kind of analysis to determine whether a violation or an offense that falls within the realm of Section 236.1c of the California Penal Code is also a human trafficking offense. Well, no, but I'm telling you right now that I'm not worried about the categorical approach. So the judge, in my view, if we don't worry about the categorical approach, looks at the evidence to determine whether your client committed a human trafficking offense. He says, the client says, yes, I did. That's some evidence. The colloquy in the trial court presents some evidence. The police reports, which are, we don't have, the rules of evidence don't apply in immigration court. Why some evidence? And the judge then concludes, yes, you have. So it seems to me if the judge is not constrained by the California statute, I want to get back to that in a second. After Judge Fischer has a chance to ask a question, please. After other people ask questions. But why isn't that enough? Would you like me to respond first? Yes. I apologize. I thought you were waiting for Judge Fischer. No, I complete. Go right ahead. So we don't think that that is enough. Again, the standard. Well, I know you don't think it's enough. Tell me why. Yes, yes. The standard here is clear and convincing evidence. And Mr. Duenas-Barraza is a lawful permanent resident. And so it is the government's job to prove this heightened standard of removability. And as you explained, Federal rules of evidence do not strictly apply in immigration court. But they are persuasive. And the government did not make any effort to verify the information within the police reports. There are no additional witnesses called by the government. We have no additional testimony suggesting that everything in the police reports is true. So we would argue that that evidence is insufficient.  And you're right. Thank you. Could we hear from Judge Fischer? Absolutely. I want to pursue, I guess, the question that was already before you. You started out by saying that the categorical approach applies. I don't see that it does. Judge Hurwitz didn't tell you why he doesn't think it applies. But I'll tell you why I don't think it applies. Because the statute doesn't talk about a conviction. The statute only talks about an alien who commits or conspires to commit. It doesn't say who's been convicted of. So I don't think the categorical approach applies at all. Do you have a response to that? Yes, Your Honor. So as we know, the popular language conviction is a relevant statutory hook, right? But that is not strictly applied in the Ninth Circuit where other conduct-based removal grounds have been subject to the categorical approach. And the examples that I selected were Section 237A2E, Romanette 2, which is the Domestic Violence Protection Order Violation Removability Ground. And that's the Alanis Alvarado v. Holder and Salai cases where this court chose to apply the categorical approach, even though it's not necessarily required that. But here the only question is, did he commit? And it doesn't say, was he convicted of? And so we just look at the evidence as to whether or not he was convicted, which is then the evidence that you were going back and forth on. And you're saying there's not enough evidence. But I don't see that this is a categorical case at all. Well, Your Honor, I think that I would pivot then to the second portion of my argument, is that the immigration judge erred in his statutory analysis because he applied the reason to believe language to the entire provision of the statute. Did he? Right after he said reason to believe, he cites the correct standard. The very next sentence says clear and convincing evidence. So he may have had a reason to believe. We all have a reason to believe on this record. But he also then went on to say the standard is clear and convincing evidence. So why should we assume that since the immigration judge actually said the right standard, he didn't apply it? Judge Hurwitz, I think of those as two separate inquiries, right? So there's whether the Department has met its burden by clear and convincing evidence. But there's also the question of whether, in this case, Mr. Duanear-Esparza actually committed or conspired to commit a human trafficking offense, or the second clause, whether there is reason to believe that he is an aider or a better or other tangential actor to human trafficking. And so what the immigration judge did is he found that the Department had met its burden to prove by clear and convincing evidence that there was a reason to believe that Mr. Duanear-Esparza actually engaged in human trafficking. And that's not what the statute says. Instead, the statute bifurcates this question, and the reason to believe language only applies to the second clause related to tangential actors. And I think we have to understand that Congress must have done this intentionally, especially when comparing it to the drug trafficking statute in which the reason to believe language applies to the entire provision. But here, there's a very specific choice. I'm inclined to think that you've got a fair argument here that even with that second sentence that Judge Hurwitz read to you, it may well be that he thought that the standard was reason to believe. Isn't the error harmless, however? Look at the record. Your Honor, I would say no. I think, first, you know, legal error is sufficient on its own to remand. And also in this case, remember, we're dealing with a lawful permanent resident of over 40 years. And that's why — Who pimped out a 14-year-old girl. And so the question isn't whether he was a legal permanent resident of 14 years. We're not weighing the equities here. The question is whether he committed a human trafficking offense. The record makes incredibly clear that he did. There may have been legal error in the way the I.J. analyzed the case. But I'm having a difficult time viewing your client as somebody who didn't commit a human trafficking offense. Involving a minor. Involving a minor.  I think it's helpful to go back to the standard. So, you know, disregarding the amount of time that Mr. Duenas-Verasa has been in the United States, the fact remains that Congress intentionally set the clear and convincing evidence standard when dealing with an LPR. Doesn't the — I guess the question that Judge Fletcher maybe — may have been asking, I think he was asking, is doesn't it plainly meet that standard? Could anybody conclude that the evidence didn't meet the clear and convincing evidence standard? I don't think it did, Your Honor, for the reason — How? How? This is it for me. How is it not — how does it fall short? As I mentioned earlier, I don't think that the police reports are reliable. And the government should have done more to call witnesses to explain what was going on in the police reports or more details of the investigation. This again is a backdrop of your client saying — answering the question, yes, I committed a human trafficking offense. Your Honor, again, the — Tough argument for you to make. What's your very best shot? The burden is on the government to prove by clear and convincing evidence. It is not on the respondent to prove that he is not — Remember, had the respondent said, I contest that, or I don't know, or I didn't do that, then I'd understand that the government might have to then come in with a different level of proof or different matters of proof. But your client never contested it. So that's why I think we have to view the evidence in that light. We've given you an awful lot of questions. You wanted to reserve some time for — Four minutes. Or I'll say it this way. You said you had three points. We've only talked about two of them. Yes, well, I'm happy to rest on the briefing on the applications for relief. Do you have more you want to tell us now or do you want to reserve? Yeah, I'll continue on to speak to your question a little bit more, Judge Hurwitz. I think it's important to come back to the reason to believe issue with the immigration judge's decision. And so it's not clear from this decision whether the immigration judge believed that the department met by clear and convincing evidence that Mr. Dennis Barrasso was removable or whether he only decided, as we see in the record, that the department met by clear and convincing evidence that there is, in fact, a reason to believe. And I see we're close to four minutes, so I'll go ahead and just reserve the rest of my time there. You bet. Thank you. Opposing counsel, please. Good morning, Your Honors. Jessica Burns on behalf of the Attorney General. Mr. Dwayne Esparza is removable as an alien who committed a human trafficking offense. The removability ground under the INA does not require conviction. It solely requires commission of a human trafficking offense inside or outside the United States. Petitioner does not dispute that he committed human trafficking in California. The California statute requires exhortation of a minor to commit a commercial sex act, and he does not meaningfully dispute that this constitutes human trafficking. And accordingly, the court should uphold the removability finding. I have a preliminary question for you. Yes, sir. What is human trafficking? I searched through the statutes in vain to find a definition of human trafficking. I find a definition of severe human trafficking, which must be human trafficking plus something. What are the elements? How do I know what the elements of human trafficking are? It may not be relevant in this case. I'm trying to figure out what they are. Human trafficking isn't defined in federal law. The only place where it is defined is in the context of severe forms of human trafficking. And again, I think the government would agree that human trafficking is something less than severe forms of human trafficking. OK, so take the severe form definition and tell me which things you would subtract from it to arrive at human trafficking simpliciter. Severe forms of human trafficking is defined as trafficking in which a commercial sex act is induced by force, fraud, coercion, or in which the person induced to perform such act has not attained 18 years of age. I think that the court doesn't need to decide what human trafficking is, because in this case, the California statute is essentially equivalent to that severe forms of human trafficking. So the contours of what human trafficking is, isn't really relevant. I mean, it's relevant, but it doesn't need to be defined in this case in order to conclude that Mr. Duenas-Brasa unquestionably committed human trafficking. I'm not sure you've answered my question. So tell me what the... I don't have a definition of human trafficking. I don't either, and that's why I was asking you. I think it's the type of, you know, you would anticipate it involving some commercial, some sort of trafficking where there's some commercial element and again, either not being of age to consent or some sort of inducement or coercion. But again, the contours of it... Let me come back to that, because this is the point that your friend raises in her brief. She says human trafficking requires inducement, and inducement is absent in this case because the victim wanted to do it. And I'm trying to figure out whether or not human trafficking really requires inducement or whether that's merely an element of severe human trafficking. I think that it is simply an element of severe forms of trafficking, but the California statute also requires inducement of a minor. So again, I don't know that the court needs to define human trafficking in this case in order to conclude that Mr. Duane Esparza committed a human trafficking offense. When Congress passed this ground of removability, it was done... The legislative history shows that it was enacted as part of a broad effort to stop human trafficking and to protect victims, particularly minors. So Congress intended this to be a wide umbrella of cases. It applies to offenses that are committed both in the United States and outside the United States. And this emphasizes why there isn't a categorical analysis here, because these could be foreign acts that fall under human trafficking. But again, it's supposed to be a wide umbrella, and I think unquestionably the California human trafficking statute would fit under that umbrella. So are you arguing that even if we apply the categorical analysis, which, and I agree with Judge Fletcher that we shouldn't, it wouldn't make any difference that the California statute is a categorical match for whatever the federal definition of human trafficking is? There is a difference. California law includes attempts. The severe forms of trafficking does not specifically include attempt. Here it's unquestioned that it was not an attempt. If you look at the record, Mr. Duenas-Ferraza actually induced his minor stepdaughter to engage in sex for money. So again, a categorical match isn't required, and unquestionably on the facts of this case, there wasn't an attempt. But that's why it matters so much that the categorical test is not applied here. Correct, Your Honors. If it did, we wouldn't look at the facts of the case. So the harder question for me in this case is the district judge's, excuse me, the IJ's sort of misstatement of the standard, because the standard is not reason to believe. How do you respond to your opponent's argument? I think that the IJ's decision can be characterized as inartful, but it's a harmless error, because the only question I would say goes beyond inartful. He just misstates it. Well, if you look at the record where Petitioner actually conceded his removability, the immigration judge specifically asked, have you committed or conspired to commit human trafficking offenses in the United States? To which Petitioner responded, yes. So the IJ really wasn't required to do a lot of analysis when a petitioner concedes removability. And the IJ's colloquy there with the petitioner shows that the IJ was focused on the first part of the statute. And again, on this record, there are two inquiries. Did he commit? Here we have a guilty plea, which necessarily means that he did the things that he's pleading guilty to, that he committed. That meets that standard. And then whether that constitutes human trafficking. And I think unquestionably human trafficking under California law meets the standard of human trafficking, however defined. And because there's no question that this would be a removable offense, the court can reach that on the record without remanding to the immigration judge to provide a more eloquent decision. So are you basically saying harmless error? Yes, Your Honor. And again, before the board, he doesn't raise, he never raised any of these challenges to the board either. So there really wasn't an opportunity. He conceded removability before the immigration judge. He raised one challenge to the board about removability, but it wasn't the challenges about the categorical approach or modified categorical approach or the improper use of reason to believe. So the board just adopted and affirmed and didn't need to provide additional analysis. And so, therefore, the court can look at this record and conclude that this is unquestionably human trafficking. And again, Mr. Duane Esparza does not dispute that he committed this offense. He pled guilty to it. He was convicted. Yeah, I was going to say he spent six years in jail for it. And he was sentenced to 12 years. Yeah, I know that. Anything further, Judge Hurwitz? No. Sorry. Okay. Thank you for your argument. We'll hear from opposing counsel who I think saved four minutes. There you go. Thank you, Your Honor. I'd like to focus on a couple of points here. And the first is that I think that the court does need to determine what human trafficking is because that's really the essence of this case, whether this conviction renders someone removable from the United States. And I think looking at the record, it's clear that everyone's confused about what applies, right? The immigration judge used the wrong language with reason to believe. The department is never consistent in its briefing about whether Mr. Duenas-Ferasa actually committed or conspired to commit or whether there was a reason to believe that he was some sort of tangential actor. Is there any reason to doubt that he pimped out the daughter of his girlfriend? Well, Your Honor, I think, again, that the department hasn't met its burden in that regard. Why not? That's what we're asking. I appreciate there's some squishiness in the language about the standard that applies and the definition that applies, but he did admit to human trafficking. And categorical, at least I'll say from my point of view, we're not doing categorical match here. So we do look at the facts, which brings us back to Judge Fletcher's question. On these facts, how is there ambiguity under any definition of human trafficking? I think the ambiguity lies in what the department briefed. And as I was saying, it's not clear whether Mr. Duenas-Ferasa, again, actually engaged in human trafficking because we don't know from the police reports whether that is sufficient on their face or whether there's reason to believe that he actually... or, excuse me, I'm confusing myself here, reason to believe that he was a tangential actor to human trafficking. What suggests that he was? That he was or was not. What suggests that he was a tangential actor? I didn't see anything in the record that suggested that. But I might have missed it, and we've been hearing from your advocacy, so if we've missed it, please. The department suggested in the briefing before both the Immigration Court and the Board of Immigration Appeals that there was reason to believe that he had been an aider or a better or other tangential actor. It just states the whole provision. It's not clear which... Do you know what that's... What is the foundation for that statement? Did you see it in the record somewhere? I did. I have the... No, no, no, the foundation for the statement, the reason for the statement is what I mean to be asking. In the... So the immigration judge asked the department to brief removability. No, we're not communicating. I'm asking you whether there's anything in the factual record that would support that assertion or that suspicion. I think that it's not clear from the police reports. That's the best argument that I have, is that it's unclear. The opposing counsel argues that some of the arguments you make here were not exhausted. I would disagree with that, Your Honour. The board cites matter of Burbano, and there's good case law to support the fact that when the board cites this, it means it's reviewed the decision in its entirety and it has no other edits to the decision, and I think that's sufficient. And it only wrote separately to address the due process issue, which is not at issue in this case. Do you have additional questions, Judge Fletcher, Judge Roberts? OK. You have a little bit of time if you wanted to wrap up. I'll rest on the briefing. Thank you, Your Honour. Thank you so much. I want to thank you, because I think you're participating in a pro bono capacity. That's correct, Your Honour. We so appreciate your advocacy. Thank you. We benefit from it very much, so thank you for participation in the program. I appreciate that. Thank you. Thank you both. We'll take this matter under advisement.
judges: FLETCHER, CHRISTEN, HURWITZ